**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

JHESMER DIAZ,

      Plaintiff,

v.

CH GLOBAL CONSTRUCTION, LLC, a
Florida Limited Liability Company,
HUMBERTO CHAVEZ, individually, and
HAMET CHAVEZ, individually,

      Defendants.

_____/

## COMPLAINT

Plaintiff, JHESMER DIAZ ("Plaintiff" or "DIAZ"), by and through the undersigned counsel, hereby files this Complaint against Defendants, CH GLOBAL CONSTRUCTION, LLC, a Florida Limited Liability Company ("CH GLOBAL"), HUMBERTO CHAVEZ, individually, and HAMET CHAVEZ, individually (collectively "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid minimum wages and unpaid overtime committed by Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act"), or, in the alternative, an action for breach of contract.

2. Jurisdiction is conferred on this Court under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claim contained herein pursuant to 28 U.S.C. §1367, because that claim arises from the same case or controversy and from a common nucleus of operative facts.

1

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in the Southern District of Florida by Defendants, which, at all material times, conducted and continue to conduct business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this Complaint resided within the Southern District of Florida, and he is over the age of eighteen or otherwise *sui juris*.

## PARTIES

5. At all times material hereto, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants from May 2021, up and until on or about June 23, 2022, as an estimator. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e).

6. CH GLOBAL, is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. CH GLOBAL has its principal place of business in Miami Lakes, Florida. At all times material hereto, CH GLOBAL has conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

7. CH GLOBAL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, CH GLOBAL is a construction and remodeling services company. CH GLOBAL, upon information and belief, provides new construction, remodeling, and handyman services to construction projects throughout South Florida.

9. At all times material hereto, CH GLOBAL has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA. *See* 29 U.S.C. § 207.

10. CH GLOBAL upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years, and it utilizes goods in the flow of commerce across state lines.

11. Defendants, HUMBERTO CHAVEZ and HAMET CHAVEZ, are corporate officers and owners of, and exercised operational control over the activities of CH GLOBAL.

12. At all relevant times, HUMBERTO CHAVEZ and HAMET CHAVEZ acted directly in the interest of their company, CH GLOBAL, as owners and or corporate officers. Based on the records and information available to Plaintiff, HUMBERTO CHAVEZ and HAMET CHAVEZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

13. Plaintiff seeks declaratory, injunctive, legal, and equitable relief pursuant to the laws set forth above, together with attorneys' fees, costs and damages.

14. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All conditions precedent for the filing of this action before the Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies, or have been waived.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Plaintiff performed work for Defendants from May 2021, up and until on or about June 23, 2022. His primary duties were to provide estimates of services to customers and was also assigned tasks that required manual labor.

18. During Plaintiff's employment, Plaintiff regularly worked at least eight and a half (8.5) hours per day, five (5) days per week. Accordingly, during the course of his employment, Plaintiff regularly worked a minimum of forty-two and half (42.50) hours per work week.

19. At the outset of his employment, Defendants offered to compensate Plaintiff at $14.00 per hour. In July 2021, Defendants advised Plaintiff his compensation would be changed to commission based on the job performed. Defendants requested Plaintiff executed an Agreement they identified as an "independent contractor agreement" (hereinafter "Agreement") in order to continue working for the Defendants. Plaintiff was to be compensated between 5-10% of the price of the job.

20. A copy of the contract is attached hereto as Exhibit A. This Agreement did not change the relationship between Plaintiff and Defendants. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Defendants purposefully misclassified Plaintiff as an independent contractor.

22. As a result of this pay schedule and arrangement set by the Defendants since July 2021, there were weeks where Plaintiff was compensated less than minimum wage for each of the hours worked.

23. Furthermore, Plaintiff was not compensated at all for the last two weeks of his employment.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/OVERTIME against CH GLOBAL

26. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant CH GLOBAL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Since the commencement of Plaintiff's employment CH GLOBAL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

29. Specifically, starting in July 2021, Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed. However, he was not compensated at time and half for all hours worked over forty hours.

30. CH GLOBAL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). CH GLOBAL's business activities involve those to which the Fair Labor Standards Act applies.

31. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or

professional employee. Plaintiff performed manual labor and did not have decision-making authority.

32. CH GLOBAL has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

33. By reason of the said intentional, willful, and unlawful acts of CH GLOBAL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

35. As a result of CH GLOBAL'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent he   in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CH GLOBAL.

WHEREFORE, Plaintiff respectfully prays for the following relief against CH GLOBAL:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against HUMBERTO CHAVEZ

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

38. At the times mentioned, Defendant HUMBERTO CHAVEZ was, and is now, a corporate officer of corporate Defendant, CH GLOBAL.

39. HUMBERTO CHAVEZ was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that HUMBERTO CHAVEZ acted directly in the interests of CH GLOBAL in relation to its employees including Plaintiff.

40. Specifically, HUMBERTO CHAVEZ is the company's owner and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

41. HUMBERTO CHAVEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

42. Defendant HUMBERTO CHAVEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. By reason of the said intentional, willful and unlawful acts of HUMBERTO CHAVEZ, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of HUMBERTO CHAVEZ willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant HUMBERTO CHAVEZ:

    A. Adjudge and decree that HUMBERTO CHAVEZ has violated the FLSA and has done

so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/OVERTIME against HAMET CHAVEZ

45. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

46. At the times mentioned, Defendant HAMET CHAVEZ was, and is now, a corporate officer of corporate Defendant, CH GLOBAL.

47. HAMET CHAVEZ was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that HAMET CHAVEZ acted directly in the interests of CH GLOBAL in relation to its employees including Plaintiff.

48. Specifically, HAMET CHAVEZ is the company's owner and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

49.  HAMET CHAVEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

50. Defendant HAMET CHAVEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

51. By reason of the said intentional, willful and unlawful acts of HAMET CHAVEZ, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. As a result of HAMET CHAVEZ willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant HAMET CHAVEZ:

   A. Adjudge and decree that HAMET CHAVEZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### VIOLATION OF FLSA/MINIMUM WAGES against CH GLOBAL

53. Plaintiff re-alleges and reaffirms paragraphs 1 through 25 as fully set forth herein.

54. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 206.

55. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

56. CH GLOBAL has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by

failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, CH GLOBAL failed to compensate Plaintiff for at least three (3) weeks of work.

57. CH GLOBAL knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

58. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

59. By reason of the said intentional, willful and unlawful acts of CH GLOBAL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

60. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

61. CH GLOBAL never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

62. As a result, CH GLOBAL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

63. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CH GLOBAL.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CH GLOBAL:

A.  Adjudge and decree that Defendant CH GLOBAL has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**VIOLATION OF FLSA/MIMIMUM WAGES against HUMBERTO CHAVEZ**

64. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

65. At the times mentioned, Defendant HUMBERTO CHAVEZ was, and is now, the president and owner of corporate Defendant CH GLOBAL.

66. SANDERS was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant CH GLOBAL in relation to its employees including Plaintiff.

67. Specifically, HUMBERTO CHAVEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

68. HUMBERTO CHAVEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

69. Defendant HUMBERTO CHAVEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant HUMBERTO CHAVEZ:

    A.  Adjudge and decree that Defendant HUMBERTO CHAVEZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF FLSA/MIMIMUM WAGES against HAMET CHAVEZ**

70. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

71. At the times mentioned, Defendant HAMET SANCHEZ was, and is now, the president and owner of corporate Defendant CH GLOBAL.

72. HAMET SANCHEZ was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant CH GLOBAL in relation to its employees including Plaintiff.

73. Specifically, HAMET SANCHEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

74. HAMET SANCHEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

75. Defendant HAMET SANCHEZ willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set

forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant HAMET SANCHEZ:

    A. Adjudge and decree that Defendant HAMET SANCHEZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII – BREACH OF CONTRACT
### against CH GLOBAL

70. Plaintiff re-alleges and reaffirms paragraphs 1 through 25 as fully set forth herein.

71. At the direction of Defendants, Plaintiff created a Florida Limited Liability Company, IMPORTEX LLC ("IMPORTEX").

72. On or about July 2021, IMPORTEX and CH GLOBAL entered into an Independent Contractor Agreement (the "Agreement").

73. Pursuant to the Agreement, Plaintiff was to perform the same work as he was performing before and was to be compensated through commissions. The rate of commission was decided by CH GLOBAL.

74. From September 2021, Plaintiff's commission rate was set to be ten percent (10%) of each job

completed. Around January of 2022, without prior notice Plaintiff's percentage was lowered to five percent (5%) by the Defendant and then raised to seven percent (7%) in April 2022.

75. Moreover, pursuant to Paragraph 19 of the Agreement, a fifteen (15) day written notice to the other party is required in order to terminate the Agreement.

76. Plaintiff fully performed all of his obligations under the Agreement.

77. However, CH GLOBAL did not pay Plaintiff for some of the commissions he is entitled to pursuant to the Agreement. By doing so, CH GLOBAL materially breached the Agreement.

78. Specifically, Plaintiff was not compensated for the work he performed from on or about June 6, 2022 to June 22, 2022.

79. Furthermore, on or about June 23, 2022, Defendant terminated Plaintiff's employment without prior notice as required by the Agreement.

80. As a result, Plaintiff suffered damages.

81. All conditions precedent have been satisfied, have occurred, or have been waived.

WHEREFORE, Plaintiff respectfully prays for the following relief against CH GLOBAL:

A.  Adjudge and decree that Defendant has breached the Agreement and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for the unpaid commissions by Defendant, with interest;

C.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

D.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff JHESMER DIAZ demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: November 18, 2022     Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

*/s/ Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com